NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELIZABETH PETERS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1028

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00247-CFL, Senior Judge Charles F. Lettow.

---

Decided: February 10, 2021

---

ELIZABETH PETERS, Bloomington, IL, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by DEBORAH ANN BYNUM, JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR.

---

Before O'MALLEY, MAYER, and TARANTO, *Circuit Judges*.

PER CURIAM.

Elizabeth Peters filed suit in the United States Court of Federal Claims ("Claims Court"), naming the United States as a defendant and seeking $5.5 million in damages for injuries allegedly caused by a judicial decision of a federal judge. The Claims Court dismissed the case for lack of subject matter jurisdiction. *See Peters v. United States*, No. 20-247, 2020 WL 2124396 (Fed. Cl. Apr. 30, 2020). Because the Claims Court correctly determined that it did not have jurisdiction over Peters' claims, we *affirm*.

## BACKGROUND

In 2018, Peters filed suit against various defendants who were involved with the foreclosure of her home. The United States District Court for the Central District of Illinois dismissed Peters' claims for lack of personal jurisdiction, improper venue, and failure to state a claim; the Seventh Circuit affirmed. *Peters v. Sloan*, No. 18-cv-01236-JES-JEH, 2018 WL 5621854 (C.D. Ill. Oct. 30, 2018), *aff'd*, 762 F. App'x 344 (7th Cir. 2019).

Peters subsequently filed suit against the United States ("government") in the Claims Court, alleging that the presiding judge in the Central District of Illinois did not "perform[] his duties impartially and diligently." S.A. 9. The government moved to dismiss Peters' complaint for lack of subject matter jurisdiction. The Claims Court granted the government's motion, reasoning that it did not have jurisdiction to review a district court's decision or a suit that was not properly brought against the United States. The Claims Court also found that it lacked jurisdiction because Peters failed to cite any laws or regulations that were money-mandating.

Peters timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Claims Court's decision to dismiss a case for lack of subject matter jurisdiction. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). The Claims Court has limited jurisdiction, consisting of "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act "does not create a substantive cause of action"; rather, it requires a plaintiff to identify a "separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted). For a source of substantive law to be money-mandating, it must be "reasonably amenable to the reading that it mandates a right of recovery in damages" against the United States. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73 (2003).

Peters argues that the Claims Court erred in dismissing her complaint for lack of subject matter jurisdiction. She points us to the following statutory and regulatory provisions as possible sources of jurisdiction: (1) 41 U.S.C. § 6503; (2) 12 C.F.R. § 37.2; and (3) 43 C.F.R. § 423.25. None of these establish the Claims Court's subject matter jurisdiction over this case.

First, 41 U.S.C. § 6503 provides the United States with the ability to recover damages when a contractor breaches certain contract terms. As this is not a government contract case and Peters is not the government, that statutory provision does not apply here.

Second, 12 C.F.R. § 37.2 sets forth definitions associated with debt cancellation contracts and debt suspension

agreements, none of which provides Peters with a money-mandating source of substantive law.

Third, Peters' citation to 43 C.F.R. § 423.25 is similarly unavailing. That regulation provides law enforcement authority at the Bureau of Reclamation facilities. It creates no substantive law relevant to Peters' case.

Given Peters' failure to identify any substantive law that creates a right for money damages, and the fact that the Claims Court has no authority to review district court decisions, the Claims Court correctly determined that it lacked subject matter jurisdiction.

## CONCLUSION

We have considered Peters' remaining arguments and find them unpersuasive. For the reasons discussed above, we *affirm* the Claims Court's determination that it lacked subject matter jurisdiction to entertain Peters' case.[1]

## AFFIRMED

---

[1]    On January 11, 2021, Peters filed with this court a "Motion for Immediate Relief," ECF No. 17. The motion requests immediate monetary relief of $5.5 million pursuant to Federal Circuit Rule 30(e). Federal Circuit Rule 30 is not an appropriate basis for relief in this appeal. Accordingly, we deny Peters' motion.